Brian Joseph Driscoll

8750 Mellmanor Drive, Unit #104

La Mesa, California 91942


Cell:   661-373-5632

Email:   briansantaclarita@live.com

**FILED**

MAY 2 6 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL<br><br>PLAINTIFF,<br><br>vs.<br><br>MetLife Insurance and Anheuser-Busch Inbev Inc, and John Doe (s), Defendants. | Case No.: '15 CV 1162 JLS JMA<br><br>COMPLAINT FOR DAMAGES: Statutory penalties, Recovery of Benefits, Enforcement of Plan rights and punitive and other damages. |

## <u>COMPLAINT</u>

Plaintiff; BRIAN JOSEPH DRISCOLL, pro se, files this Complaint against Defendants; MetLife Insurance, John Doe(s) and Anheuser-Busch Inc. Plaintiff Driscoll alleges several ERISA causes of action. Against both Defendants; MetLife and Anheuser-Busch Inc, Plaintiff Driscoll alleges causes of action resulting from breaches of fiduciary duties; failure to provide Long Term Disability (LTD) plan/policy and other documents; attorney fees and costs. Non-ERISA causes

- 1 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

of action against Defendant MetLife; Plaintiff Driscoll alleges the tort of negligent misrepresentation along with punitive damages because Defendant misrepresentation the terms of the Plan and other ERISA's requirements to M. Driscoll and caused Mr. Driscoll serious economic damages. Against Defendant MetLife, Plaintiff Driscoll alleges causes of action resulting from breaches of fiduciary duties; failure to provide Long Term Disability (LTD) claims denial support documents; attorney fees and costs to M. Driscoll and caused Mr. Driscoll serious economic damages. Against Defendant MetLife, Plaintiff Driscoll alleges causes of action resulting from breaches of fiduciary duties; failure to make a second level appeal determination; attorney fees and costs. Against Defendant MetLife for failure to respond to Plaintiff's numerous complaints/inquires regarding LTD claim and failure to provide Plaintiff with the full amount of LTD benefit to which Plaintiff is entitled. Against Defendants John Doe(s) to be determined at trial. Plaintiff Driscoll seeks attorneys' fees and litigation costs/expenses related to his ERISA and non-ERISA causes of actions and trial.

*In response to Plaintiffs claim for Long Term Disability, Defendant MetLife arbitrarily and capriciously denied Plaintiff the full amount of welfare benefits to which Plaintiff was/is entitled due to a systemic failure of MetLife claim processing program of which Defendant either knew or should have known. Plaintiff Driscoll submitted his LTD application, interacted with and fully cooperated with MetLife about the merits of his LTD claim. Moreover, MetLife made all decisions relating to this claim and controlled the claim handling and appeal process and thus, the administration of the plan/policy.*

As s proximate result of Defendants wrongful conduct directed to Plaintiff, Plaintiff has suffered compensable injury.

**Jurisdiction and Venue**

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

    a. This Court has jurisdiction over this action, which raises federal constitutional and pendent state claims, under **28 U.S.C. Section 1331** (federal question jurisdiction), **28 U.S.C. Section 2201** (declaratory relief), **29 U.S.C Sections; 2575** (civil monetary penalties), **2560** (regulations-civil-penalties-under-ERISA -section), **1029 & 1135** (regulatory information), **2560** (claims procedure), **1132** (civil enforcement ERISA substantive rules), **1133** (claims procedure DOL rule making),**1022** (summary plan description-enforcing ERISA plans **1029** and rules, **1021** (duty of disclosure & reporting), **1023** (annual report), **1024** (filing and furnishing information and forms), **1105** (liability for breach of co-fiduciary),**1134** (fiduciary duty)and **1002** (definitions), **1003** (coverage), **1109 ERSIA 409** (liability for breach of fiduciary duty)and **ERSIA Sections: 502, 505, 109, 104, and 404.** CA Civil Code section 1710 (deceit) and section 3294 (punitive damages) and **C.F.R. 2520 104b 1 Disclosure (electronic).**

- 3 —COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2.  *Venue is proper in this district under* **28 U.S.C. Section 1391(b)** *and* **2201, 29 U.S.C.**

**Section 2575** *(RULES AND REGULATIONS FOR ADMINISTRATION AND ENFORCEMENT)*,

**2560, 1029, 2560, 1029, 1135, 1132, 1133,1022, 2520 and 1024,** *Title 29- Labor 2560*

*(claims procedure)* **ERSIA Section §: 502, 505, 109, 104, and 404., and** *CA Civil Code*

*section 1710 (deceit) and 3294 (punitive damages) because a substantial portion of the*

*events or omissions giving rise to the claims occurred within this district.*

## Parties

3.  Plaintiff is a United States citizen and resident of San Diego County, California.

4.  Defendant Anheuser-Busch Inc., is a public entity as defined in **Cal.Gov. Section 811.2**

5.  Defendant MetLife INC is a public entity as defined in **Cal.Gov. Section 811.2**

6.  Defendants John Doe(s) is presumed to be an unknown US private citizen(s).

7.  All conditions precedent to the commencement of this lawsuit have occurred or such

    conditions have been waived or excused, including, but not limited to, the exhaustion of

    all administrative remedies, and California Tort Claims Act claim presentation

    requirements.

## Statement of Facts

8.  *On or about June 23, 2012 Plaintiff; after working for Defendant Anheuser-Busch Inc. in a*

    *part-time capacity at the Los Angeles Brewery from November 19, 1989, accepted a full*

    *time position as Warehouse Manager for a subsidiary of Anheuser-Busch Inc. known as*

    *Sylmar Sales of Los Angeles in July, 2012.*

    **a.**  *Plaintiff received employment benefits including an optional benefit choice for Long Term Disability Plan (LTD).*

    **b.**  *LTD Insurance was provided through MetLife Insurance Company and was to be paid for entirely by Plaintiff (employee).*

**9.**  *On or about January 23, 2013, Plaintiff filed an original claim seeking Long Term Disability (LTD) Benefits with Defendant MetLife Insurance Company which, according to Defendant MetLife, did not meet the required plan 180 day waiting period.*

    **a.**  *Plaintiff missed work from due to illness 01/23/2014 through 02/09/2014, 03/04/2014 through 05/17/2014 and again on 08/10/2014 and has not returned to work since due to chronic illness.*

**10.** *Plaintiff reapplied for long term disability (LTD) effective 08/09/2014, under company "Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, Inc. and its subsidiaries known as plan number 551" and has been out of work due to illness since this date.*

    **a.**  *Various verbal and written communications were made between Plaintiff and Defendant MetLife between January 2014 and February 24, 2015 that were recorded by Defendant MetLife. Conversations included, but not limited to, claims extensions, ERISA requirements/obligations, claim delays, document requests, medical and sickness/evaluations, and intervention between parties with regards to medical Insurance and medical providers information, etc.*

**11.** Defendant *Anheuser-Busch Inc., as group insurance policy Plan holder for disability income insurance known a Long Term Benefits (LTD) and alleged self-insurer, and alleged*

*Plan Administrator, in response to multiple verbal and written policy and other plan documentation requests by Plaintiff, withheld documents affecting the claims process and the appeal of claim outcome that deny Plaintiff a required ERISA full and fair review and Defendant failed to abide by the Department of Labor's stated policy of full disclosure.*

     *i. As a result, Plaintiff does not know or understand what evidence the decision maker relied upon to make the claims denial or appeal in time for Plaintiff to respond.*

**12.** *Defendant MetLife; Elements of said systemic failure of the claims program included:*

    **a.** *Withheld pertinent documents/evidence which the initial denial decision was predicated thereby resulting in prejudice to Plaintiff.*

    **b.** *Failed to follow established reasonable claim procedures timetables, exceeding maximum time for each review period by using unethical and untimely delay tactics and acting in bad faith.*

    **c.** *Engaged in deceitful manner and intentional misconduct and misrepresented of facts in insisting to Plaintiff that Defendants are allowed more time than ERISA allows by law to timely process claim; Defendant MetLife insisted they had the entire 6-month waiting period provided by plan policy to make this initial claim determination. To add insult to injury, Defendant MetLife even exceeded their self-described 6-month claim period.*

        i. *In an additional to this deceit, Defendant claimed that the actual evaluation period used to determine initial claim was longer than it actually was, despite evidence to the contrary.*

        ii. *MetLife cut short their own self-described timeline of the claim evaluation period as a result of Plaintiff complaining to Anheuser-Busch HR (internally known as "People Department") and asking for their assistance.*

            1. *As a result, Defendant* excluded relevant medical data and/or limited timeframe for analysis and thereby cherry picked medical evidence in order to deny Plaintiff's entitled benefits.

    d. MetLife failed to make a clear and detailed explanation in plain language that can be understood by participant of "first" (electronic) denial of claim dated January 13, 2014.

    e. MetLife failed to make a clear and detailed explanation in plain language that can be understood by participant of duplicate and/or second denial dated February 19, 2015.

    f. MetLife acted as defacto Plan Administrator and failed to supply Plaintiff with plan and policy and other documentation(s) despite repeated Plaintiffs verbal and written requests.

    g. Defendant MetLife violated Department of Labor regulations by failing to follow established claims procedure consistent with the Department's rules.

h.  Defendant MetLife failed to provide Plaintiff with entire claims processing documentation(s), including recorded conversations that were specifically requested in writing by Plaintiff multiple times.

i.  After MetLife received two written requests from Plaintiff appealing their initial determination decision, MetLife ignored both appeals and failed to conduct a timely, full and fair second level review that plan policy requires in order to fulfill their required exhaustion of administrative remedies. Additionally, Plaintiff has to-date never received a final written decision(determination) of second level appeal thereby denying Plaintiff his ERISA rights entitled under benefit plan and its provisions and as required by law.

j.  MetLife, as a Claim Fiduciary, failed to carry out their responsibilities in accordance with plan language and their review of claim and appeal determination (or lack of determination in this case) was arbitrary and capricious.

   i.  *MetLife claims department intentionally violates this ERISA regulation. (MetLife internal note "would be determined after 180 days...".*

   ii.  On 12/23/2014 internal MetLife notes state, "EE [Plaintiff] states he has been going around in circles and that he is really sick and they [MetLife] just need to figure out what is really going on, EE stated that he is ill and cannot work and has paid for his coverage and feels it should be covered [illness]....but does not understand how a decision has not been made per his claim when he has submitted all his medical information... "Would like a decision made on the information that is already submitted....

13. Defendant MetLife *made two separate claim denials for the same (initial) claim dated 08/09/2014; on 01/13/2014 (on-line notification) and on 02/19/2015 (letter notification). Since this February letter does not reference the on-line notification, Plaintiff is confused as to the purpose of both denials.*

     **i.** As a result of denying claim on January 13, 2015, critical medical information was missed.

    **b.** *The timetable for the first denial notification dated 01/13/2015 is suspiciously close to the time that Plaintiff wrote to both Defendants to complain about MetLife not making a determination in a timely manner.*

        **i.** *Plaintiff believes there may be retaliation here and reserves the right to amend complaint to include other constitutional and civil violations.*

14. *Over the course of the claim processing period, Plaintiff requested from both Defendants (policy) Plan documents. Defendant MetLife would say to get these from Employer; Defendant Anheuser-Busch Inc. and Anheuser-Busch Inc would say they would look into getting copy. At no time was Plaintiff ever instructed to make this request in writing. Plaintiff is still waiting for Plan documents (policy, financials, terms...).*

15. Defendant MetLife failed to respond to Plaintiff's numerous verbal and written request for claim determination documentation(s) for the adverse claim decision as required by ERISA and within the statutory 30-day period. Defendant MetLife only partially supplied Plaintiff with an incomplete claim file documentation(s) after being tardy by approximately 96 days (4/20/2015).

a. Plaintiff made 3 written requests for appeal; letter dated 03/12/2015, on-line dated 01/14/2015 and on 01/14/2015 with a hand written letter.

b. *MetLife's internal records show receipt of requests.*

c. *Plaintiff is unsure whether these incomplete documents are from verbal communications or written request on 01/14/2015 or 03/12/2015.*

16. In an effort meant to frustrate and delay entitled benefits, Plaintiff believes Defendant MetLife has/is unnecessarily and purposely acting confused about whether Plaintiff had in fact made an actual appeal;

a. After receiving on-line notification of claim denial on 01/13/2014, on 01/14/2015 Plaintiff responded, "Hello, as per my policy, I wish an appeal of this adverse decision denying long term disability".

b. As a follow-up to on-line appeal, Plaintiff's hand written letter dated 01/14/2015 states; "Re: Appealing the initial determination. Explanation of why I am appealing the initial determination per my email (on-line MetLife) I wish to formally appeal this initial determination. Since you did not fully explain the reason for your determination I cannot explain in detail. Please expan upon your reasons and I will respond.

   i. MetLife internal note dated 02/24/2015 "... he wants the appeal review explained need a written request for that he said he already sent it in, ...prior request was received... He said he is done with MetLife...

ii. MetLife internal note dated 02/24/2015, "... based on AS review of the file there has been no written appeal request from claimant received in regard to this decision" ,despite other notations to the contrary.

17. At all times material to this action was in full force and effect an insurance plan for long term income disability benefits (long-term disability (LTD) constituting a binding contract of insurance between the parties. The purpose of the long-term plan was to provide Mr. Driscoll long term disability benefits in the event he became disabled. As a proximate result of Defendants wrongful conduct directed to Plaintiff, Plaintiff has suffered compensable injury. In denying the Plaintiff's claim, the Defendants are guilty of bad faith and have caused the Plaintiff unnecessary trouble, expense, and emotional distress. Moreover, the Defendants' actions were intentional, willful, malicious, in bad faith, and reflect an entire want of care, which raises the presumption of conscience indifference to the consequences of the acts of the Defendants, especially in light of their inherent conflict of interest. The actions of the Defendants were done with the specific intent to harm the Plaintiff, Driscoll.

**18.** Plaintiff Driscoll suffers from numerous disabling conditions, including but not limited to: fatigue, severe dizziness, nausea, hearing loss, balance deficiencies, complications from a stroke, chronic blood pressure and rapid pulse rate, cognitive impairments and other medical issues as well. The effects of Plaintiff Driscoll's medical conditions prevent him from performing the duties of any occupation.

**19.** In not rendering a decision on Plaintiff Driscoll's appeal claim for disability benefits under the long-term plan after his claim was submitted to the Defendants, Plaintiff Driscoll's claim is deemed denied by the Defendants.

**20.** It is futile for Plaintiff Driscoll to exhaust the administrative remedies under ERISA where Defendant MetLife prevents Plaintiff from appealing by ignoring multiple written request for an appeal. Exhausting the administrative process under the long-term plan is also futile where the Defendants refused to render a decision on appeals claim long-term benefits and supply pertinent documents.

**21.** Plaintiff notified Defendants of his disabling conditions as soon as possible within their timelines and followed all reasonable procedures established by the Defendants.

1

**22.** The Defendants has breached the Long Term Disability Plan duties by

2

preventing Plaintiff from the appeals process in applying for benefits. The denial of

3

Plaintiff's claim for long-term benefits was a breach of the long-term plan and a breach

4

of the Defendants fiduciary responsibilities owed to Mr. Driscoll.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**23.** In denying the Plaintiff's claim, the Defendants are guilty of bad faith and have caused the Plaintiff unnecessary trouble, expense, and emotional distress. Moreover, the Defendants' actions were intentional, willful, malicious, in bad faith, and reflect an entire want of care, which raises the presumption of conscience indifference to the consequences of the acts of the Defendants, especially in light of their inherent conflict of interest. The actions of the Defendants were done with the specific intent to harm the Plaintiff, Brian Driscoll.

**COUNT I: BREACH OF CONTRACT; DEFENDANT METLIFE**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein and says further that:

**25.**    Plan insurance purchased by Plaintiff provides for payments to Plaintiff if the Plaintiff becomes unable to work due to an illness or injury.  (60% of salary @ $45,000 per year plus CPI adjustments until age 65.)

**26.**    The Plaintiff ceased work due to an illness and provided necessary proof to establish he is totally disabled and, therefore, entitled to LTD benefit payments.

27.    Defendant MetLife has breached its contract with Plaintiff by withholding benefits with the sole purpose of avoiding payments and to increase profits for self-insured Defendant Anheuser-Busch Inc., under the Long Term Disability Plan. Defendant MetLife has refused to pay disability claim benefit payments.

28.    Defendant MetLife, under the terms of its Long Term Disability Plan, is indebted to the Plaintiff for benefits, plus interest, commencing on or about February 6th, 2015 through October 13, 2022.

29.    Defendant MetLife has failed and refused to honor its obligations under the Long Term Disability Plan.

### COUNT II: FAILURE TO PROVIDE PLAN/POLICY DOCUMENTS

### IN VIOLATION OF SECTION 502(c) (1) OF ERISA: DEFENDANT ANHEUSER-BUSCH INC.

Plaintiff incorporates the allegations contained in Paragraphs 1 through  29 as if fully stated herein and says further that:

30.    Defendant Anheuser-Busch Inc., as Plan Administrator violated Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B) by failing and refusing to comply with Plaintiff's requests for information that is required to be furnished to a plan participant under ERISA.

31.    Plaintiff is entitled to $100 a day (now increased to $110) after 30 days from the date of Defendant Anheuser-Busch Inc., Plan Administrator's failure and refusal to comply with the Plaintiff's request for the long-term disability plan documents and such other relief as this Court deems proper, pursuant to Section 502(c) (1) (B) of ERISA, 29 U.S.C. §1132(c) (1) (B).

32.    Plaintiff is entitled to the relief identified herein because:

a. the Plaintiff has requested in writing from Anheuser-Busch Inc., as Plan Administrator long-term disability plan documents;

b. Defendant Anheuser-Busch Inc., as Plan Administrator is required by Subchapter I of Title 29, Chapter 18 of the United States Code to furnish this information to a plan participant or beneficiary;

c. Defendant Anheuser-Busch Inc., as Plan Administrator, acting for and on behalf of the long term plan, has failed and refused to comply with Plaintiff's request;

**COUNT III: INTERFERENCE OF RIGHTS UNDER ERISA**

**IN VIOLATION OF SECTION 510 OF ERISA; DEFENDANT METLIFE**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 32  as if fully stated herein and says further that:

**33.**     The Defendant MetLife, violated Section 510 of ERISA, 29 U.S.C. § 1140, the Plaintiff for retaliatory purposes to prevent Plaintiff from receiving benefits under the long-term plan.

**34.**     The Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3) including, but not limited to, attorney fees and costs, and other further relief as the Court deem just and proper.

**35.**     Plaintiff is entitled to the relief requested herein because:

a. Plaintiff was entitled to receive benefits under the plan;

b. Defendant failure to exhaust administrative remedies thereby interfering with Plaintiff rights to benefits as permitted by the plan;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      c. Defendant shortchanged the determination process and denied claim, in response to Plaintiff complaints of tardy processing, for retaliatory purposes to prevent Plaintiff from receiving benefits under the plan.

      d. Defendant MetLife failed to notify Plaintiff with the reason the claim was denied in the electronic notification dated January 13, 2015, violating **29 C.F.R. 2520 104b 1** (Disclosure) and **29 C.F.R. 2560 (disclosure electronic)** requirements.

### COUNT IV: LTD PLAN BENEFITS; DEFENDANT METLIFE

Plaintiff incorporates the allegations contained in Paragraphs 1 through 35 as if fully stated herein and says further that:

**36.**     Plaintiff is entitled to certain benefits of the plan consisting of past due long-term disability benefits including prejudgment interest, retroactive to the day benefits would have begun had the Defendant not denied her claim, pursuant to 29 U.S.C. §1132(a)(1)(B).

**37.**     Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the plan;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

d.  Plaintiff was not provided for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

**38.**     The Defendant MetLife LTD Plan entirely ignored Plaintiff's claim for benefits and refused to pay the benefits sought by the Plaintiff despite the medical records and clear opinions of the physicians who have personally and continuously treated the Plaintiff.

**COUNT V1: OTHER EQUITABLE RELIEF;**

**BOTH DEFENDANTS: METLIFE AND ANHEUSER-BUSCH INC.**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as if fully stated herein and says further that:

**39.**     To the extent that the Defendants violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, the Plaintiff is entitled to other appropriate

equitable relief pursuant to 29 U.S.C. §1132(a)(3)(B) including but not limited to

prejudgment interest on past due disability benefits.

### COUNT V1I: ATTORNEY'S FEES BOTH DEFENDANTS:

### METLIFE AND ANHEUSER-BUSCH INC.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 39 as if fully stated

herein and says further that:

**40.**     To the extent that the Defendants violated any provisions of Subchapter I of Title 29,

Chapter 18 of the United States Code, the Plaintiff is entitled to reasonable attorney's fees and costs

of this action pursuant to 29 U.S.C. §1132(g)(1).

**V111    RELIEF REQUESTED; BOTH DEFENDANTS; METLIFE & ANHEUSER-BUSCH INC.,:**

Plaintiff incorporates the allegations contained in Paragraph 1 through 40  as if fully stated

herein and says further that:

**41.**     As a result of the acts and/or omissions of Defendants MetLife and Anheuser-Busch

Inc., as alleged herein, the Defendants owe the Plaintiff unpaid long term disability benefits, plus

interest, commencing on or about February 6th 2015.

**42.**     As a result of the acts and/or omissions of both Defendants LTD Plan as alleged

herein, the Defendants MetLife and Anheuser-Busch Inc., LTD Plan owe the Plaintiff unpaid long-

term disability benefits, plus interest and/or the Plaintiff is entitled to appropriate equitable relief as

a result of the acts and/or omissions of the Defendant.

**43.**     As a result of the acts and/or omissions of Defendant MetLife as defacto Plan

Administrator as alleged herein, the Defendant MetLife as defacto Plan Administrator owe the

Plaintiff an amount equal to $110 per day for each day that MetLife defacto Plan Administrator failed to provide Plaintiff with the long-term disability plan documents under ERISA. 44.

44.     Both Defendants are also liable for the Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

45.     Both Defendants are also liable to place the Plaintiff in the positions he would have enjoyed under the plan had he not been wrongfully denied benefits.

**COUNT 1X: BREACH OF CONTRACT; DEFENDANT ANHEUSER-BUSCH INC.,:**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 45 as if fully stated herein and says further that:

46.     Plan insurance purchased by Plaintiff from Defendant Anheuser-Busch Inc., provides payments to Plaintiff if the Plaintiff becomes unable to work due to an illness or injury.  This policy was to pay Plaintiff 60% of annual salary ($75,000) @ $45,000 per year plus CPI adjustments until age 65.

47.     The Plaintiff ceased work due to an illness and provided necessary proof to establish he is totally disabled and, therefore, entitled to LTD benefit payments.

1    **48.**    Defendant Anheuser-Busch Inc., has breached its contract with Plaintiff by

2  withholding benefits with the sole purpose of avoiding payments and profiting under the Long Term

3  Disability Plan.

i. Defendant Anheuser-Busch Inc., has refused to pay LTD claim benefit payments.

**49.** Defendant Anheuser-Busch Inc., under the terms of its Long Term Disability Plan is indebted to the Plaintiff for benefits, plus interest, commencing on or about February 6th, 2015 through October 13, 2022.

**50.** Defendant Anheuser-Busch Inc., has failed and refused to honor its obligations under the Long Term Disability Plan.

**COUNT X: FAILURE TO PROVIDE PLAN POLICY DOCUMENTS**

**IN VIOLATION OF SECTION 502(c) (1) OF ERISA; DEFENDANT METLIFE:**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 50 as if fully stated herein and says further that:

**51.** Defendant MetLife, as defacto Plan Administrator violated Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B) by failing and refusing to comply with Plaintiff's requests for information that is required to be furnished to a plan participant under ERISA.

**52.** Plaintiff is entitled to $100 a day (now increased to $110) after 30 days from the date of Defendant MetLife, as defacto Plan Administrator's failure and refusal to comply with the Plaintiff's request for the long-term disability plan documents and such other relief as this Court deems proper, pursuant to Section 502(c) (1) (B) of ERISA, 29 U.S.C. §1132(c) (1) (B).

**53.** Plaintiff is entitled to the relief identified herein because:

a. the Plaintiff has requested from MetLife, as defacto Plan Administrator long-term disability plan documents;

b. Defendant MetLife, as defacto  Plan Administrator is required by Subchapter I of Title 29, Chapter 18 of the United States Code to furnish this information to a plan participant or beneficiary;

c. Defendant MetLife as defacto Plan Administrator, acting for and on behalf of the long term plan, has failed and refused to comply with Plaintiff's request;

54.     The language of ERISA § 502(c) (1) does not refer to a "Plan Administrator," but rather to "any administrator."

**COUNT X1: FAILURE TO PROVIDE CLAIMS <u>DENIAL</u> PLAN DOCUMENTS**

**IN VIOLATION OF SECTION 502(c) (1) OF ERISA; DEFENDANT METLIFE:**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 54 as if fully stated herein and says further that:

55.     Defendant MetLife, as Claims Administrator violated Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B) by failing and refusing to comply with Plaintiff's requests for information that is required to be furnished to a plan participant under ERISA for claims denial.

56.     Plaintiff is entitled to $100 a day (now increased to $110) after 30 days from the date of Defendant MetLife as Claims Administrator's failure and refusal to comply with the Plaintiff's request for the long-term disability plan claims denial documents and such other relief as this Court deems proper, pursuant to Section 502(c) (1) (B) of ERISA, 29 U.S.C. §1132(c) (1) (B).

57.     Plaintiff is entitled to the relief identified herein because:

a. the Plaintiff has requested in writing multiple times from MetLife as Claims Administrator long-term disability plan claim denial documents;

b. Defendant MetLife as Claims Administrator is required by Subchapter I of Title 29, Chapter 18 of the United States Code to furnish this information to a plan participant or beneficiary;

c. Defendant MetLife as Claims Administrator, acting for and on behalf of the long term plan in denying claim, has failed and refused to comply with Plaintiff's request for entire claims denial records;

1. Defendant only partially complied with request for the entire claims file including, but not limited to, recorded conservations (not just internal recap) , entire medical records and claim application. When they did attempt to provide some incomplete records they were tardy by approximately 96 days and Plaintiff is still waiting for missing records.

58. Defendant MetLife failed to provide complete documents:

a. Pursuant to 29 U.S.C. 1133, Department of Labor require administrators to provide "pertinent" documents upon a claimant's request and plan participants have the right "review pertinent documents relating to the denial...".Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m) (8) of this section. The (DOL)Secretary explains at Paragraph (m) (8) what documents are relevant to the claim, and are thus required to be produced under ERISA: A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information.

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b) (5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

**X11. PRAYER FOR RELIEF; CA CIVIL CODE SECTION 1710 DECEIT AND SECTION 3294 PUNITIVE DAMAGES; DEFENDANT; METLIFE:**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 58 as if fully stated herein and says further that:

Plaintiff MetLife, in an effort to deceive:

    **a.** MetLife repeatedly f*ailed to follow established reasonable claim procedures timetables, exceeding maximum time for each review period by using unethical and untimely delay tactics and acting in bad faith.*

b. *Engaged in deceitful manner and intentional misconduct and misrepresented of facts in insisting to Plaintiff that Defendants are allowed more time than ERISA regulations allow by law to timely process claim; Defendant MetLife insisted they had the entire 6-month waiting period provided by plan policy to make this initial claim determination.*

   i. *In an additional this deceit, Defendant MetLife repeatedly claimed that the actual evaluation period used to determine initial claim was longer than it actually was, despite evidence to the contrary.*

c. MetLife failed to make a clear and detailed explanation in plain language that can be understood by participant of "first" (electronic) denial of claim dated January 13, 2014.

d. MetLife failed to make a clear and detailed explanation in plain language that can be understood by participant of duplicate and/or second denial dated February 19, 2015.

e. Defendant MetLife violated Department of Labor regulations by failing to follow established claims procedure consistent with the Department's rules.

f. Defendant MetLife failed to provide Plaintiff with entire claims processing documentation(s), including recorded conversations that were specifically requested in writing by Plaintiff multiple times.

g. MetLife, as a Claims Fiduciary, failed to carry out their responsibilities in accordance with plan language and their review of claim and appeal

determination (or lack of determination in this case) was arbitrary and capricious.

      i.  *MetLife claims department intentionally violates this ERISA regulation. (MetLife internal note "would be determined after 180 days...".*

    ii.  On 12/23/2014 internal MetLife notes state, "EE [Plaintiff] states he has been going around in circles and that he is really sick and they [MetLife] just need to figure out what is really going on, EE stated that he is ill and cannot work and has paid for his coverage and feels it should be covered [illness]....but does not understand how a decision has not been made per his claim when he has submitted all his medical information... "Would like a decision made on the information that is already submitted....

**X111. PRAYER FOR RELIEF; BOTH DEFENDANTS; METLIFE & ANHEUSER-BUSCH INC.,:**

WHEREFORE, Plaintiff, Brian Driscoll, prays for a judgment against the Defendants for the relief as plead herein and for such other equitable relief as this Honorable Court deems just and proper.

## **Certificate of Service**

This is to certify that a copy of the foregoing has been served upon all named defendants via United States Postal Service on this 26th day of May, 2015 and via process servers on or before June 05, 2015.

Defendants;

Metropolitan Life Insurance (MetLife)

2025 Leestown Road

Lexington KY 40511-4590

800-230-9531

Anheuser-Busch Companies Inc.

Corporate Secretary

One Busch Place

St. Louis Missouri 63118

800-952-7522

DATED: May 26, 2015

BRIAN JOSEPH DRISCOLL
In Pro Per

end

- 33 -COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF