UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL,<br><br>        Plaintiff,<br><br>v.<br><br>METLIFE INSURANCE; ANHEUSER-BUSCH INBEV INC.; and JOHN DOE(S),<br><br>        Defendants. | Case No.: 15-CV-1162 JLS (JMA)<br><br>**ORDER GRANTING MOTION TO REOPEN CASE**<br><br>(ECF No. 64) |

Presently before the Court is Plaintiff Brian Driscoll's Revised Motion to Reopen Case. ("Mot.," ECF No. 64.) Also before the Court is Defendants' response in opposition to, ("Opp'n," ECF No. 66), and Plaintiff's reply in support of, ("Reply," ECF No. 74), Plaintiff's Motion. The Court vacated the hearing on the matter and took it under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 75.) After considering the parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion.

/ / /

/ / /

/ / /

/ / /

Plaintiff filed suit against Defendants on May 26, 2015, alleging eleven[1] causes of action: (1) breach of contract against Defendant MetLife, (2) failure to provide plan/policy documents in violation of 29 U.S.C. § 1132(c)(1)(B) ("Section 1132") against Defendant ABC, (3) interference of rights under ERISA in violation of 29 U.S.C. § 1140 ("Section 1140") against Defendant MetLife, (4) LTD plan benefits under Section 1132(a)(1)(B) against Defendant MetLife, (6) other equitable relief pursuant to Section 1132(a)(3)(B) against Defendants, (7) attorney's fees under Section 1132(g)(1) against Defendants, (8) "relief requested" against Defendants, (9) breach of contract against Defendant ABC, (10) failure to provide plan policy documents in violation of Section 1132(c)(1)(B) against Defendant MetLife, (11) failure to provide claims denial plan documents in violation of Section 1132(c)(1)(B) against Defendant MetLife, and (12) deceit pursuant to California Civil Code § 1710 ("Section 1710") and punitive damages pursuant to California Civil Code § 3294 ("Section 3294") against Defendant MetLife. (*See generally* Compl., ECF No. 1.)

On May 2, 2016, after considerable motion practice, the Court issued an omnibus Order on the parties' pending motions and remanded Plaintiff's case to Defendant MetLife to provide a full and fair review of Plaintiff's appeal. (*See generally* Order, ECF No. 38.) The Court also invited any party to move to reopen the case after the administrative review. (*Id.* at 38.[2])

Plaintiff now moves to reopen his case. (*See generally* Mot.) Specifically, Plaintiff argues that Defendant MetLife "failed to conduct a fair and full appellate review of Plaintiff's appeal in accordance with Plan terms and ERISA and Department of Labor's regulations as ordered by this Court on May 02, 2016." (Mot. 13.) After a review of

---

[1] Plaintiff's Complaint mistakenly numbers causes of action five through eleven as six through twelve. (*See generally* Compl., ECF No. 1.) For simplicity's sake, the Court will refer to Plaintiff's causes of action as numbered by Plaintiff.

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

Plaintiff's moving papers, the Court concludes that Plaintiff should have an opportunity to present to the Court his grievances with Defendant MetLife's appellate review. Accordingly, the Court **GRANTS** Plaintiff's Motion to Reopen Case (ECF No. 64).[3] However, Plaintiff's Motion further requests that the Court should "grant judgment in Plaintiff's favor due to Defendant MetLife['s] failure to process and complete the administrative appeal process in accordance with Plan terms . . . ." (Mot. 13; *see also id.* at 70–71 (requesting, among other things, that the Court order Defendant to pay him his past due and future benefits).) Such a request is inappropriate because the full administrative record is not before the Court. Indeed, Defendant MetLife specifically asks that "should this Court grant [Plaintiff's] request to reopen this case, before the Court issues any decision, it should set a briefing schedule for Rule 52 cross-motions for judgment and conduct a full review of the entire Administrative Record developed by MetLife." (Opp'n 26.) The Court agrees and thus grants Plaintiff's Motion only insofar as it seeks to reopen the case. As for briefing on the merits, the parties **SHALL** meet and confer regarding a briefing schedule for cross motions and submit to the Court an agreed-upon briefing schedule, if possible, <u>on or before fourteen (14) days from the date on which this Order is electronically docketed</u>. Thereafter the Court will set a briefing schedule to assess the merits of Plaintiff's claims that Defendant MetLife failed to conduct a full and fair review of Plaintiff's appeal.

**IT IS SO ORDERED.**

Dated: June 8, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] For this reason the Court **DENIES AS MOOT** Plaintiff's simultaneously filed Requests for Judicial Notice (ECF Nos. 64, 74).