UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL,<br><br>                     Plaintiff,<br><br>v.<br><br>METLIFE & ANHEUSER-BUSCH INBEV, INC.,<br><br>                     Defendants. | Case No.: 15CV1162-JLS(JMA)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[DOC. NO. 115]** |

Pending before the Court is a Joint Motion for Determination of Discovery Dispute filed by the parties on August 8, 2018, and pursuant to which Plaintiff Brian Joseph Driscoll (who is proceeding pro se and is referred to herein as "Plaintiff" or "Driscoll") seeks to compel further discovery responses from Defendants Metropolitan Life Insurance Company (erroneously sued as MetLife Insurance, a non-existent business entity, and referred to herein as "MetLife") and Anheuser-Busch Companies LLC (erroneously sued as Anheuser-Busch InBev Inc., a non-existent business entity and referred to herein as "Anheuser-Busch") (MetLife and Anheuser-Busch are jointly referred to herein as "Defendants"). The Special Interrogatories, Requests for Admission and Requests for Production that are the subject of this motion were served on both

Defendants on or around June 5, 2018. [Doc. No. 115, Decl. of Misty Murray ¶ 7.] Defendants are reported to have responded with only objections.[1] As set forth below, Driscoll's motion to compel is DENIED.

## I. BACKGROUND

This case arises out of Plaintiff's claim for long-term disability ("LTD") benefits under his former employer Anheuser-Busch's welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). MetLife is the claims administrator for disability claims under the ERISA-governed Plan established by Anheuser-Busch.

## II. LEGAL STANDARDS

In an ERISA-governed case when a *de novo* standard of review applies "the court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits."[2] Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955,

---

[1] The Court has not been provided with copies of the discovery requests or responses that are the subject of this discovery motion. Copies of other document requests to MetLife and Anheuser Busch and Special Interrogatories to MetLife were filed in connection with this discovery motion; these requests appear to have been made during Plaintiff's earlier efforts to obtain discovery, as they are all dated September 19, 2017 and are labeled as "Set One." [Doc. No. 115, pp. 128-170.] Moreover, the declaration of Misty A. Murray filed in connection with the parties' discovery motion indicates Defendants' responses to the discovery requests Plaintiff served on June 5, 2018 are attached as Exhibits 7-12; however, this declaration was filed without the referenced exhibits. [Id., pp. 17-19.]

Because the Court has not been provided with copies of the discovery requests and responses at issue, it is unable to rule on Defendants' argument that Plaintiff's motion to compel is procedurally improper because the discovery requests that are the subject of this motion are substantially identical to those Plaintiff propounded nearly a year ago, on September 19, 2017.

[2] When a plan does not confer discretionary authority on the administrator to determine eligibility for plan benefits or to construe the terms of the plan, the court applies a *de novo* standard of review of the denial of benefits. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006). If a plan does confer discretionary authority as a matter of contractual agreement, the standard of review shifts to abuse of discretion. Id. Defendants posit the *de novo* standard of review applies here. Plaintiff presumably does not disagree with this

963 (9th Cir. 2006). "[I]n most cases only the evidence that was before the plan administrator at the time of determination should be considered." Opeta v. Northwest Airlines Pension Plan for Contract Employees, 484 F.3d 1211, 1217 (9th Cir. 2007) (citing Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan, 46 F.3d 938, 944 (9th Cir. 1995)).

Extrinsic evidence should be considered "only when circumstances clearly establish that additional information is necessary to conduct an adequate *de novo* review of the benefit decision." Opeta, 484 F.3d at 1217 (citing Mongeluzo, 46 F.3d at 944) (internal quotations and emphases omitted). The following is a "non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:

> [C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which could have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process."

Id. (quoting Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1027 (4th Cir. 1993). "We do not intimate, however, that the introduction of new evidence is required in such cases. A district court may well conclude that the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense." Quesinberry, 987 F.2d at 1027; see also Gonda v. Permanente Medical Group, Inc., 300 F.R.D. 609, 613 (N.D. Cal. 2014)

---

contention as he has offered no countervailing argument. The Court's analysis of the parties' discovery dispute, therefore, assumes a *de novo* standard of review applies to this case.

("It makes little sense to allow broad and costly discovery when the court's review of the merits is limited to the administrative record (except in narrow circumstances where additional evidence is necessary to conduct an adequate *de novo* review."); Polnicky v. Liberty Life Assurance Co. of Boston, 2014 WL 969973, at *2 (N.D. Cal. Mar. 5, 2014) (observing that district courts "have held that 'in light of Opeta's limits on admissibility of evidence in *de novo* cases and the ERISA's policy of keeping proceedings inexpensive and expeditious, it is appropriate to place similar limits on discovery'"). A bare showing of relevance under Fed. R. Civ. P. 26 is not sufficient to permit discovery in an ERISA action. Gonda, 300 F.R.D. at 613; Healy v. Fortis Benefits Ins. Co., 2014 WL 5768537, at *2 (N.D. Cal. Nov. 5, 2014).

## III. DISCUSSION

Defendants have produced copies of the Plan and the administrative record, which consists of approximately 4000 pages of documents that MetLife relied on in making its determination of Driscoll's claim for benefits. [Doc. No. 61-3 – 61-42.] Driscoll claims in addition to these documents he needs discovery on six topics: "(1) Defendants' structural conflict; (2) interpretation & application of the terms of the [Anheuser-Busch] Plan; (3) similarity situated claimants; (4) detailed information regarding IMC review history as pertaining to this case; (5) procedural improprieties and (6) the operations and procedures by which Defendants determine who is disabled according to the Plan." [Doc. No. 115.] Driscoll has not articulated, however, how any of this information is necessary in order for the Court to conduct an adequate *de novo* review of MetLife's benefit decision.[3] He generally contends he is entitled to this discovery because ERISA,

---

[3] See Valenzuela v. City of Calexico, 2015 WL 926149 at *1 (S.D. Cal. Mar. 4, 2015) (The moving party "carries the burden of informing the court: (1) which discovery requests are the subject of [its] motion to compel; (2) which of the defendants' responses are disputed; (3) *why the responses are deficient*; (4) *the reasons defendants' objections are without merit*; and (5)

4

DOL regulations and the Plan terms "requires a duty to disclose" without any explanation as to why Defendants' production of the Plan and administrative record does not satisfy their obligation. The relevant inquiry is not whether Defendants have an amorphous "duty to disclose" information to Plaintiff, but rather whether exceptional circumstances exist such that the introduction of evidence beyond the administrative record could be considered necessary. The Court has no information to support the conclusion that it is. Driscoll's motion to compel further discovery responses is, therefore, DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge

---

*the relevance of the requested information to the prosecution of his action*." (emphasis added); Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Ca. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information is relevant and why Defendant's objections are not justified.")