MISTY A. MURRAY (SBN 196870)
mmurray@mail.hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendants Metropolitan Life Insurance Company (erroneously sued as MetLife Insurance, a non-existent business entity) and Anheuser-Busch Companies LLC, as Plan Administrator for the Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, LLC and its Subsidiaries (erroneously sued as Anheuser-Busch InBev Inc., a non-existent business entity)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL,<br><br>Plaintiff,<br><br>vs.<br><br>METLIFE INSURANCE, ANHEUSER-BUSCH INBEV INC. and DOES 1 to 100,<br><br>Defendants. | Case No. 15-CV-1162 BTM-LL<br><br>(Honorable Barry Ted Moskowitz)<br><br>**DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL**<br><br>Hearing Date: None Set<br><br>Complaint Filed: May 26, 2015<br>Judgment Entered: Nov. 9, 2020 |

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL
Case No. 15-CV-1162 BTM-LL
0974144\308916904.v1

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND AND PROCEDURAL HISTORY ..................................... 1

III. SECTION 455 DID NOT REQUIRE JUDGE SAMMARTINO TO RECUSE HERSELF ........................................................................................ 3

    A. The Recusal Standards under Section 455 ......................................... 3

    B. Section 455(b) is Inapplicable Because Judge Sammartino Had No Knowledge of her Relative's Financial Interest at the Time She Presided ................................................................................................ 5

    C. No Reasonable Person with Knowledge of the Facts Would Question Judge Sammartino's Impartiality ........................................ 6

IV. THERE IS NO LEGAL BASIS TO VACATE THE JUDGMENT UNDER RULE 60(B)(6) AND EQUITABLE CONSIDERATIONS WEIGH AGAINST SUCH A RESULT .......................................................... 9

V. CONCLUSION ............................................................................................. 10

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clemens v. United States*,
　428 F.3d 1175 (9th Cir. 2005) ................................................................................. 3

*Davis v. Xerox*,
　811 F.2d 1293 (9th Cir. 1987) .............................................................................. 4, 5

*Herrington v. County of Sonoma*,
　834 F.2d 1488 (9th Cir. 1988) ................................................................................. 3

*In Re Kansas Public Employees Retirement System*,
　85 F.3d 1353 (8th Cir. 1996) ............................................................................. 8, 10

*Langley v. Brown*,
　2007 U.S. Dist. LEXIS 29213 (D. Ariz. April 19, 2007) ........................................ 8

*Liljeberg v. Health Servs. Acquisition Corp.*,
　486 U.S. 847 (1988) ................................................................................................ 9

*In re Mason*,
　916 F.2d 384 (7th Cir. 1990) ................................................................................... 3

*Preston v. United States*,
　923 F.2d 731 (9th Cir. 1991) ................................................................................... 6

*United States v. Nelson*,
　718 F.2d 315 (9th Cir. 1983) ................................................................................... 3

**Statutes**

28 U.S.C § 455 .............................................................................................................. 3, 4

28 U.S.C. § 455(a) .............................................................................................. 3, 6, 7, 8

28 U.S.C. § 455(b)(1)-(5) ................................................................................................ 3

28 U.S.C. § 455(b)(4) ................................................................................................. 5, 6

29 U.S.C. §§ 1001 *et seq*. ............................................................................................... 1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

**Other Authorities**

Fed. R. Civ. Proc. 60(b)(1) ................................................................................................9

Fed. R. Civ. Proc. 60(B)(6) ........................................................................................9, 10

*Wright, Miller & Cooper, Federal Practice and Procedure: Juris 2d §
    3549* .............................................................................................................................8

iii

DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL
Case No. 15-CV-1162 BTM-LL
0974144\308916904.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## I. INTRODUCTION

In this ERISA-governed[1] action, Plaintiff Brian Driscoll ("Plaintiff") disputed Defendant Metropolitan Life Insurance Company's ("MetLife") determination that he was not entitled to long-term disability benefits under the Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, LLC and its Subsidiaries ("Plan"). Plaintiff's former employer, Anheuser-Busch Companies, LLC ("A-BC") established the Plan and is the Plan administrator.

After lengthy litigation proceedings, including a remand to MetLife for further review of Plaintiff's claim, the Honorable Janis L. Sammartino entered judgment in favor of MetLife and A-BC, which became final on November 9, 2020. Nine months later, the Clerk of the Court issued a notice on August 6, 2021, ("Notice") advising that Judge Sammartino recently learned a family member owned stock of MetLife's parent company (MetLife Inc.), that Judge Sammartino was "not aware of this financial interest at the time the case was pending" as the matter was "brought to her attention after the disposition of the case," and that "the financial interest neither affected nor impacted her decisions in this case." (Dkt. 139.) Nevertheless, the Notice invited the parties to submit a response within 30 days.

As set forth below, under the governing statute and applicable Ninth Circuit and Supreme Court authority, Judge Sammartino was not disqualified, the disclosure does not invalidate her prior orders or judgment in this action, and the final judgment should stand.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was a warehouse manager formerly employed by A-BC and claimed he became disabled and entitled to benefits under the Plan in or about August of 2014.

---

[1] "ERISA" as used herein refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

After MetLife determined he was not entitled to benefits under the terms of the Plan, Plaintiff filed suit on May 26, 2015. (Dkt. 1.) In addition to naming MetLife as the claims administrator and insurer for the Plan, plaintiff also sued A-BC as Plan Administrator. The Honorable Janis. L. Sammartino was the assigned judge.

The parties filed cross-motions for judgment and by Order dated May 2, 2016, Judge Sammartino ordered, among other things, that Plaintiff's claim be remanded back to MetLife as the Plan's claims administrator to conduct a full and fair review of plaintiff's administrative appeal. (Dkt. 28, 36, 56 at p. 28.) After that review was completed and MetLife upheld its prior determination, the case was reopened for judicial review of Plaintiff's claims against MetLife for his disability benefits and his claim for statutory penalties against A-BC. (Dkt. 76.)

The case was resolved on the parties' cross-motions for summary judgment. (Dkt. 107, 114, 118, 120, 122, 123, 131.) In an 82- page decision, the court granted MetLife's and A-BC's motion for judgment and denied Plaintiff's motion. (Dkt. 131.) Judgment in favor of MetLife and A-BC was entered on November 9, 2020. (Dkt. 132.)

Nine months later, on August 6, 2021, the Clerk of the Court issued the Notice, stating in part:

> Judge Sammartino informed me that it has recently been brought to her attention that while she presided over the case a family member owned stock in MetLife, Inc. Judge Sammartino was not aware of this financial interest at the time the case was pending. The matter was brought to her attention after disposition of the case. Thus, the financial interest neither affected nor impacted her decisions in this case. However, the financial interest would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Sammartino directed that I notify the parties of the conflict.

(Dkt. 139.) The Notice invited the parties to submit a response noting Advisory Opinion 71 of the Judicial Conference Codes of Conduct Committee.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## III. SECTION 455 DID NOT REQUIRE JUDGE SAMMARTINO TO RECUSE HERSELF

### A. The Recusal Standards under Section 455

Whether judges are required to recuse themselves is governed by 28 U.S.C § 455. Subsection (a) requires judges to disqualify themselves in any case where their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for judging the appearance of partiality requiring recusal under section 455(a) was succinctly set forth in *Clemens v. United States,* 428 F.3d 1175 (9th Cir. 2005):

> In analyzing § 455(a) disqualification motions, we employ an objective test: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'

*Clemens, supra,* 428 F.3d at 1178 (citing *Herrington v. County of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1988) and quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)).

*Clemens'* objective test "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens, supra,* 428 F.3d at 1178 (citing *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)). The "reasonable person" in this context means a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Id*. at 386.

Subsection (b) requires judges to disqualify themselves in five specific circumstances that all involve some element of scienter, such as known personal bias or prejudice, or knowledge of disputed evidentiary facts; a prior relationship as counsel to a party or an association with their attorney; previous involvement in the matter while in private or government practice, or as a witness; a known financial interest in a party held by the judge or a relative that will be "substantially affected" by the outcome of the proceeding; or a relative's direct involvement in the proceeding as a party, an attorney, a witness, or a stakeholder. 28 U.S.C. § 455(b)(1)-(5).

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

The application of subsection (b), like subsection (a), is fact-driven. The difference is that "knowledge by the judge [of the disqualifying circumstance] is required" under subsection (b). *Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987). When post-judgment recusal under subsection (b) is the issue, "the right course . . . is to proceed on a case by case basis, determining the existence of disqualifying knowledge at the time the judge sat, in the way that a state of mind is normally determined, from inspection of all the circumstances. If a reasonable person would conclude from all the circumstances that the judge did not have knowledge at the time [she] sat, [her] rulings stand." *Id.* at 1296.

Advisory Opinion 71 of the Judicial Conference Code of Conduct Committee ("Advisory Opinion") provides guidance on addressing grounds for disqualification that are not discovered until after a judge has participated in a case, as here. The Advisory Opinion states, in part:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Advisory Opinion 71 specifically addressed disqualification after argument on appeal. However, the Committee noted that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

The application of these standards to the facts of this case demonstrate there was no basis for Judge Sammartino's disqualification under either subsection (a) or (b) of Section 455.

4
DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL
Case No. 15-CV-1162 BTM-LL
0974144\308916904.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## B. Section 455(b) is Inapplicable Because Judge Sammartino Had No Knowledge of her Relative's Financial Interest at the Time She Presided

Section 455(b)(4) specifically addresses when a financial interest held by a judge or a family member requires recusal. That subsection provides for recusal only where the judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

By its own terms, section 455(b)(4) does not apply here. The clerk's Notice states that Judge Sammartino only learned of her family member's financial interest *after* the disposition of the case. Accordingly, the evidence is that Judge Sammartino had no knowledge whatsoever of her family member's financial interest in defendant MetLife's parent company, MetLife, Inc., at the time she sat in this matter. Judge Sammartino therefore lacked the requisite knowledge of her relative's financial interest at the time she sat on this case and made her rulings.

An analogous circumstance was presented in *Davis v. Xerox, supra*. There, the Ninth Circuit held that a judge's ruling need not be vacated where the evidence supported the conclusion that he was not aware of his own disqualifying financial interests at the time he was presiding over the case. *Davis, supra,* 811 F.2d at 1296. This case is an additional step removed from *Davis* because here the financial interest belonged to a family member, not the judge herself.

Although the lack of knowledge is dispositive under subsection (b)(4), Judge Sammartino's relative also held no financial interest in the subject matter in controversy, namely, plaintiff's alleged entitlement to disability benefits. Nor did Judge Sammartino's relative hold a financial interest in a "party to the proceeding," as subsection (b)(4) requires. Rather, the financial interest was in MetLife's parent

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

company, MetLife, Inc. Finally, the judge's relative held no interest that could be "substantially affected by the outcome of the proceeding," which is yet another requirement of subsection (b)(4). That is because a ruling on Plaintiff's individual entitlement to disability benefits under the A-BC Plan could not possibly affect the share price of defendant MetLife or that of its parent corporation, MetLife, Inc.

For these reasons, Section 455(b)(4) is inapplicable here; Judge Sammartino was not disqualified at the time she presided and issued the judgment.

### C. No Reasonable Person with Knowledge of the Facts Would Question Judge Sammartino's Impartiality

Because Section 455(b)(4) describes the circumstances where a financial interest will actually create an appearance of impropriety, it also informs the analysis under section 455(a), which asks whether a reasonable observer would perceive a risk that the judge will not decide the case on its merits. The Ninth Circuit explained this overlap between the 455(a) and 455(b) analyses in *Preston v. United States,* 923 F.2d 731 (9th Cir. 1991):

> Section 455(a) covers circumstances that appear to create a conflict of interest, whether or not there is actual bias. Section 455(b) covers situations in which an actual conflict of interest exists, even if there is no appearance of one. Section 455(b) also describes situations that create an apparent conflict, because it provides examples of situations in which a judge's 'impartiality might reasonably be questioned pursuant to section 455(a) . . . For our purposes, it is sufficient to state that section 455(b) provides us with a concrete example where the appearance of partiality suffices to establish a ground for recusal under section 455(a) even absent actual bias.

*Id*. at 734 (internal citations and quotations omitted).

*Preston*'s logic applies here with equal force. Section 455(b)(4) provides a "concrete example" of when a financial interest will give rise to an appearance of impropriety sufficient to require recusal under section 455(a). 923 F.2d at 734. But none of the section 455(b)(4) factors are presented in this case. Judge Sammartino

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

had no knowledge of her relative's financial interest when she sat; the interest was not in the subject matter of, or a party to, the case; and the interest could not be affected by the outcome. This demonstrates that there are no facts that create any appearance of impropriety under Section 455(a). The existence of the relative's financial interest, standing alone, is "simply too remote, speculative, and contingent" to objectively create any appearance of impropriety to a reasonable person. This is particularly true where Judge Sammartino has affirmatively represented that her relative's financial interest "neither affected nor impacted her decisions in this case."

A reasonable person "with knowledge of the facts" would also have to consider that one of Judge Sammartino's two major rulings in the case favored plaintiff. Specifically, the court's May 2, 2016, order denied Defendants' summary judgment motion and remanded Plaintiff's claim for further administrative review of his appeal. (Dkt. 56.) And although judgment was eventually entered in favor of Defendants after the remand, the court's 82-page memorandum opinion reflects a very thorough, evidence-based ruling on the merits. (Dkt. 131.) A reasonable person with knowledge of these additional facts would consider them evidence of impartiality, not evidence of possible bias.

Plaintiff's response to the Notice readily concedes he can only "speculate" about whether Judge Sammartino was impartial. Plaintiff asks when Judge Sammartino discovered her relative's financial interest, but the Notice answers that question – after judgment was entered. Plaintiff's response also asks whether the financial interest was acquired as a result of comments the judge made about the case, or about insurance disability cases or ERISA generally, but that question is immaterial when the outcome of plaintiff's disability claim could not possibly affect the share value of MetLife, Inc. Plaintiff asks whether Judge Sammartino's disclosure was the result of an innocent mistake "or some other nefarious reason or quid pro quo." But again, the Notice answers this question by stating that Judge Sammartino only

discovered her relative's financial interest months after she sat on the case, and that it did not affect her decisions.

Conclusory speculation, innuendo and suspicion "with no evidentiary support[] falls into the category of 'matters not ordinarily sufficient to require a § 455(a) recusal.'" *Langley v. Brown*, 2007 U.S. Dist. LEXIS 29213 at *11 (D. Ariz. April 19, 2007) (quoting *Clemens, supra*, 428 F.3d at 1179). As the Eighth Circuit observed in *In Re Kansas Public Employees Retirement System*, 85 F.3d 1353 (8th Cir. 1996), courts "must be alert to avoid the possibility" that those who question a judge's impartiality "are in fact seeking to avoid the consequences of his [or her] expected adverse decision." *Id*. at 1359 (quoting S. Rep. No. 93-419, 93d Cong., 1st Sess. 5 (1973) (quoted in 13A *Wright, Miller & Cooper, Federal Practice and Procedure: Juris 2d* § 3549, at 623-24)).

This is the basic thrust of Plaintiff's response, which emphasizes his fear that the outcome of the case (despite an early ruling in his favor) is now explained by Judge Sammartino's post-judgment disclosure about a previously unknown and indirect financial interest of a relative. But this is precisely what the Senate Judiciary Committee recognized would *not* support a judge's disqualification under section 455(a): "Nothing in [Section 455(a)] should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial." *Id.* The committee comment speaks to a litigant's prospective fears, but the logic applies perforce to a litigant's retrospective fear that a decision was the result of judicial bias. Neither is reasonable in light of the objective facts.

/ / /

/ / /

/ / /

8
DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL
Case No. 15-CV-1162 BTM-LL
0974144\308916904.v1

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

## IV. THERE IS NO LEGAL BASIS TO VACATE THE JUDGMENT UNDER RULE 60(B)(6) AND EQUITABLE CONSIDERATIONS WEIGH AGAINST SUCH A RESULT

Plaintiff's response to the Notice requests a new trial. Because Judge Sammartino's judgment became final approximately 10 months ago, the relief Plaintiff requests would only be available under Rule 60(b)(6).[2] As the Supreme Court noted, relief under Rule 60(b)(6), which grants federal courts discretion to relieve a party from a final judgment "upon such terms as are just," should only be granted in "extraordinary circumstances" not present here:

> Rule [60(b)(6)] does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.' Rule 60(b)(6) relief is accordingly neither categorically available nor categorically unavailable for all § 455(a) violations. We conclude that in determining whether a judgment should be vacated for a violation of § 455 (a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. We must continuously bear in mind that 'to perform its high function in the best way 'justice must satisfy the appearance of justice.'

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal citations and quotations omitted).

Here, equitable considerations weigh heavily against vacating the judgment and ordering a new trial. First, this would be manifestly unfair to A-BC, which is in effect an "innocent bystander." A-BC's interests were adjudicated in the same final judgment; Judge Sammartino's relative held no interest in A-BC. Second, it would be highly inequitable and unjust to MetLife and to A-BC if they were required to relitigate the case after five years of costly litigation. This case produced 130 docket entries, including two fully-briefed cross-motions for judgment (Dkt. 28, 36, 45, 46,

---

[2] None of other grounds set forth in Rule 60(b), subsections (1) thorough (5) apply here.

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

48. 51, 80, 103, 107, 118, 120, 122), Plaintiff's motion for default judgment (Dkt. 16, 18, 29), Plaintiff's motion for preliminary injunction (Dkt. 26, 30), and Plaintiff's motion to reopen the case (Dkt. 58, 61, 64, 66, 67, 74), as well as other evidentiary and discovery motions filed by both parties throughout the five-year course of the litigation.

To require MetLife and A-BC to start over when there is no reasonable basis for believing that Judge Sammartino was not impartial or that her decisions were not based on the merits of the case does not meet the "extraordinary circumstances" required for relief under Rule 60(b)(6). This would, in effect, allow a "fear" of partiality, when no reasonable grounds exist support it, serve as grounds for seeking recusal and vacating a judgment. *See In re Kansas Public Employees Retirement System, supra*, 85 F.3d at 1358-59.

And so it is here. Because there is no reasonable basis to conclude that Judge Sammartino's orders and judgment were not impartial or unjust, there is no basis under Rule 60(b)(6) to vacate the judgment.

## V. **CONCLUSION**

For the foregoing reasons, the final judgment of the district court should stand.

DATED: September 3, 2021        HINSHAW & CULBERTSON LLP

By: */s/ Misty A. Murray*
MISTY A. MURRAY
Attorneys for Defendants Metropolitan Life Insurance Company (erroneously sued as MetLife Insurance, a non-existent business entity) and Anheuser-Busch Companies LLC, as Plan Administrator for the Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, LLC and its Subsidiaries (erroneously sued as Anheuser-Busch InBev Inc., a non-existent business entity)

HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
213-680-2800

# CERTIFICATE OF SERVICE

*Driscoll v. MetLife*

Case No. 3:15-cv-01162-JLS (JMA)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 350 South Grand Ave., Suite 3600, Los Angeles, CA 90071-3476.

On September 3, 2021, I served the document(s) entitled, DEFENDANTS' RESPONSE TO CLERK'S NOTICE OF POST-JUDGMENT RECUSAL, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on September 3, 2021, at Los Angeles, California.

*Lea Borys*
───────────────────────
Lea Borys

0974144\309012429.v1

## SERVICE LIST

*Driscoll v. MetLife*

**Case No. 3:15-cv-01162-JLS (JMA)**

Brian Joseph Driscoll
8750 Mellmanor Drive, Unit #104
La Mesa, CA 91942
Tel: (661) 373-5632
Email: briansantaclarita@live.com
Plaintiff in Propria Persona