UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL,<br><br>Plaintiff,<br><br>v.<br><br>METLIFE INSURANCE; ANHEUSER-BUSCH INBEV INC.; and DOES 1 to 100,<br><br>Defendants. | Case No.: 3:15-cv-01162-BTM-LL<br><br>**ORDER RE JUDICIAL RECUSAL** |

The Clerk of Court invited the parties to respond to the presiding judge's Notice of Disclosure of Conflict ("Notice"). (ECF No. 139).[1] In response, Plaintiff Brian Joseph Driscoll seeks discovery about the circumstances surrounding the conflict and an appointed attorney. Additionally, Driscoll appears to request that the previously entered summary judgment order be vacated.[2] For the reasons discussed below, the undersigned Judge will recuse from this case.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] While Driscoll's request lacks clarity, both the Court and Defendants construe his response as a motion to vacate the summary judgment order. (ECF No. 140, at 3).

1

## DISCUSSION

In the underlying dispute, Driscoll filed several ERISA[3] claims against Defendants Metropolitan Life Insurance Co. ("Metlife") and Anheuser-Busch Companies, LLC ("A-BC") to recover long-term disability benefits. The Honorable Janis L. Sammartino presided over the case. After cross-motions for summary judgment, Judge Sammartino granted Defendants' motion for summary judgment and the judgment was entered on November 9, 2020. (ECF No. 132). On August 6, 2021, approximately nine months after the judgment was entered, Judge Sammartino submitted a Notice to the Clerk of Court informing the Clerk that she recently learned a family member owned stock in Metlife, Inc., the parent company to Metlife. Judge Sammartino stated she was unaware of the financial interest during the pendency of the case and therefore the interest did not impact her decision. (ECF No. 139). She subsequently recused from the case. (ECF No. 141). The Court has been advised by the Clerk that Judge Sammartino also submitted similar notices and recused in other cases.

Pursuant to Advisory Opinion 71 of the Judicial Conference Code of Conduct Committee, the Clerk invited the parties to respond to Judge Sammartino's disclosure in this and other cases. (ECF No. 139). Both parties responded. (ECF Nos. 140, 143). Driscoll seeks disclosure of the circumstances surrounding the Metlife, Inc. stock interest, appointment of counsel, and vacation of the judgment. Defendants argue Judge Sammartino was not disqualified and that her judgment should stand.

28 U.S.C. § 455 governs disqualification of judges and requires disqualification in cases where impartiality may reasonably be questioned. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might

---

[3] Employment Retirement Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

reasonably be questioned."). Subsection (b) enumerates specific circumstances requiring disqualification. *See* 28 U.S.C. § 455(b)(1-5). Under § 455(b)(4), a judge shall disqualify herself when "[s]he knows that [s]he, individually or as a fiduciary, or [her] spouse or minor child residing in [her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Additionally, § 455(b)(5)(iii) provides that a judge shall disqualify herself if "[s]he or [her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." Section 455(b)(4) and (5) require some level of knowledge by the judge. *See Davis v. Xerox*, 811 F.2d 1293, 1295 (9th Cir. 1987).

Driscoll seeks to have the judgment for defendants Metlife and A-BC vacated on the grounds that Judge Sammartino may have been disqualified under 28 U.S.C. § 455. Federal Rule of Civil Procedure 60(b)(6) is the proper avenue to challenge a prior decision based on the subsequent discovery of facts requiring the judge's disqualification under § 455. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). The Ninth Circuit in *Davis* was faced with a similar challenge. There, the presiding judge had previously disclosed a financial interest in the defendant company Xerox on his 1978 Financial Disclosure Report. The judge then made rulings on discovery and dismissed one of the plaintiff's claims. The judge made no mention of Xerox in subsequent financial disclosures. In 1984, the judge wrote to the Chairman of the Judicial Ethics Committee that he had remembered that "some years ago" he had purchased a $500 warrant issued by Xerox and that he had received $30 a year in dividends. *Davis*, 811 F.2d at 1294. Regarding § 455, the Ninth Circuit held:

> We deal here with a statute of great rigidity, which imposes on a federal judge the duty of recusal when the judge "knows" that he or a member of his family has a financial interest, "however small," in the subject matter in controversy or in a party to the controversy. 28 U.S.C. § 455(b)(3), (d)(4). Although the statute is sometimes disruptive when applied prospectively, see *In re Cement Antitrust Litigation, supra*, Congress was willing to accept disruptions in return for the perceived benefits of promoting public confidence in the judiciary. *See ibid*, at 1311-13.
>
> The case is different, however, when the statute is not to be applied prospectively, but to be applied retrospectively to rulings the judge has already made. In such retrospective applications we find wisdom in the observation of the Fifth Circuit interpreting Section 455(a): "Because of the harsh consequences that can result, knowledge of facts should not lightly be imputed to a judge." *Health Services Acquisition Corp. v. Liljeberg*, 796 F.2d 796 at 803 (5th Cir. 1986). We are unwilling to presume that because the judge once knew, he could not have forgotten. The right course under § 455(b) as under § 455(a) is to proceed on a case by case basis, determining the existence of disqualifying knowledge at the time the judge sat, in the way that a state of mind is normally determined, from inspection of all the circumstances. If a reasonable person would conclude from all the circumstances that the judge did not have knowledge at the time he sat, his rulings stand. If the circumstances are such that a reasonable person would conclude that the judge had not forgotten but continued to know, his rulings must be vacated. The rule protects against abuse by a party who knows of or suspects a minor financial interest of which the judge is not aware, and who quietly awaits the outcome of the trial before raising the point. On the other hand, where the financial interest is substantial or appears to have had the potential of affecting the judge's rulings, the interest will be one that reasonable persons would conclude the judge was aware of, whatever his pretense of ignorance. The judge's rulings will then be invalidated.

*Davis*, 811 F.2d at 1296.

As the Ninth Circuit noted in *Davis*, the question before the Court is whether a reasonable person would conclude from the circumstances that Judge Sammartino knew of the disqualifying family member's stock holding in Metlife

4

during the time she presided over the case. The Ninth Circuit instructed that the question of a judge's knowledge is determined "in the way that a state of mind is normally determined, from inspection of all the circumstances." *Id*. Thus, examination of Judge Sammartino's Financial Disclosure Reports and obtaining a full statement as to when she first learned of the financial interest, all of which were before the court in *Davis*, may be necessary in this case. Furthermore, since Judge Sammartino has denied that she knew of the stock holding during the time she presided over the case, the judge making the determination would necessarily have to make a finding as to her credibility.

Section 455(a) requires the undersigned judge to recuse from deciding that question if a reasonable person with knowledge of all the facts would conclude that Judge Sammartino's impartiality may be questioned. *See Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) ("[i]n analyzing § 455(a) disqualification motions, we employ an objective test: 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned'"); *United States v. Holland*, 519 F.3d 909, 913 (9th Cir, 2008) (applying same standard). The Court finds that to be the case here.

The judges on our court are close and we maintain a friendship with each other. We meet on most Mondays to discuss court business. We socialize at least once a year with our spouses. Indeed, most of the district judges and spouses were together for a dinner about six weeks ago celebrating this judge's assumption of senior status. Before the pandemic, the district judges and our spouses would get together for a yearly beach party. Thus, the relationship between the district court judges and spouses is sufficiently close that a reasonable person would question whether the undersigned judge could impartially determine Judge Sammartino's credibility or determine what discovery

5
3:15-cv-01162-BTM-LL

1 | to order in as much as that would implicate her privacy.[4] These are the very
2 | issues that I would be called upon to decide. Therefore, I find that I must recuse
3 | from deciding Driscoll's motion.

The reasons for recusal on the present motion do not apply to the resolution of the underlying ERISA dispute if the judgment is vacated. However, in *United States v. Feldman*, 983 F.2d 144 (9th Cir. 1992), the Ninth Circuit held that the court cannot parse a case into those issues in which the court has a disqualifying conflict and those in which it does not. If there is a § 455 basis for disqualification, the judge must recuse from the entire case. *Id.* at 145 ("when a judge determines that recusal is appropriate it is not within his discretion to recuse by subject matter or only as to certain issues and not others").[5] Thus, having held that I must recuse on the present motion, I must recuse from the entire case.

**IT IS SO ORDERED.**

Dated: October 7, 2021

Honorable Barry Ted Moskowitz
United States District Judge

---

[4] This case is distinguishable from this judge's decision in *United States v. Barajas-Bandt*, 2011 U.S. Dist. LEXIS 18128 (S.D. Cal. 2011). There, the defendant had threatened Judge Houston and I determined that such threats would not prevent the Court from deciding the case impartially. *Id.* at *8. Here, Judge Sammartino is more akin to a party in the case. As I explained in *Barajas-Bandt*, "if the Court is [] placed in a position where it must assess the credibility of Judge Houston or anyone in his chambers that the undersigned has a relationship with, recusal may be appropriate." *Id*. This Court finds that to be the case here.

[5] This is not the view of other circuits. The First, Second, and Seventh Circuits approve of partial recusals as an important case-management device. *See, e.g., Ellis v. United States*, 313 F.3d 636, 642 (1st Cir. 2002) ("[t]oday, we make that approval explicit: we hold that a judge may, in an appropriate case, decide certain issues and recuse himself or herself as to others."); *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 84-85 (2d Cir. 1996) (holding that district court did not err in deciding a motion before effecting recusal and that such was "a practical and appropriate resolution"); *United States v. Kimberlin*, 781 F.2d 1247, 1258-59 (7th Cir. 1985) (finding no abuse of discretion where the trial judge issued a limited recusal order).