UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH DRISCOLL,<br><br>                                    Plaintiff,<br><br>v.<br><br>METLIFE INSURANCE and<br>ANHEUSER-BUSCH INBEV, INC.,<br><br>                                    Defendant. | Case No.:  15-CV-1162-CAB-LL<br><br>**ORDER VACATING ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT [Doc. No. 131] AND SETTING BRIEFING SCHEDULE** |

On August 6, 2021, the Clerk of Court notified the parties that District Judge Janis Sammartino had a financial interest that would have required recusal under the Code of Conduct for United States Judges and invited the parties to respond.  [Doc. No. 139.] Plaintiff filed a response on August 16, 2021.  [Doc. No. 140.]  The following day Judge Sammartino recused from the case.  The case was then reassigned to District Judge William Q. Hayes and then transferred pursuant to Civil Local Rule 40.1(c) to District Judge Barry T. Moskowitz.  Judge Moskowitz subsequently interpreted Plaintiff's response as a motion seeking: (1) discovery about the circumstances of Judge Sammartino's conflict; (2) appointment of counsel; and (3) to vacate Judge Sammartino's grant of summary judgment in favor of Defendant [Doc. No. 131], but he determined that he was required to recuse

from deciding Plaintiff's motion because he had a disqualifying conflict himself. The case was then transferred to the undersigned.

In his recusal order, Judge Moskowitz held that "the question before the Court is whether a reasonable person would conclude from the circumstances that Judge Sammartino knew of the disqualifying family member's stock holding in Metlife during the time she presided over the case." [Doc. No. 145 at 4-5.] Judge Moskowitz, however, declined to answer this question on the grounds that "the relationship between the district court judges and spouses [in this district] is sufficiently close that a reasonable person would question whether the undersigned judge could impartially determine [her] credibility or determine what discovery to order in as much as that would implicate her privacy." [Doc. No. 145 at 5-6.] This undersigned judge respectfully disagrees with Judge Moskowitz's framing of the issue and the implication that every judge in this district has a relationship with Judge Sammartino that would preclude rendering a decision on whether Plaintiff is entitled to relief from judgment under Rule 60(b)(6).

First, there is no dispute that Judge Sammartino's family member owned stock in Metlife, Inc., while Judge Sammartino presided over this case. [Doc. No. 139.] Upon discovery of this stock holding, Judge Sammartino was required to recuse herself from this case under 28 U.S.C. § 455(b)(4). Although Judge Sammartino eventually recused herself in response to Plaintiff's motion, that she did not do so *sua sponte* as soon as she discovered the disqualifying conflict was a violation of section 455(b)(4). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) (holding that the district judge should have recused himself when he acquired actual knowledge of his conflict and that his failure to do so was a violation of section 455(b)(4)). This finding does not require an assessment of the truth of Judge Sammartino's representation that she was unaware of the disqualifying family member's stock holding while she presided over this case.

Second, this disqualifying family member's stock holding also resulted in a violation of 28 U.S.C. § 455(a), *regardless of when Judge Sammartino became aware of it*, because "[s]cienter is not an element of a violation of § 455(a)," and "advancement of the purpose

of [§ 455(a)]—to promote public confidence in the integrity of the judicial process . . .— does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety so long as the public might reasonably believe that he or she knew." *Liljeberg*, 486 U.S. at 859-60. Thus, the question is only whether, assuming that Judge Sammartino was not in fact aware of the disqualifying family member's stock holding while she presided over this case, the public might reasonably believe that she knew. The Court finds that the public might reasonably believe that Judge Sammartino knew of her or her immediate family's stock holdings. Indeed, considering the requirements of 28 U.S.C. § 455(b)(4) and (c), "[a]lthough Judge [Sammartino] did not know of [her disqualifying interest] in the litigation, [s]he certainly should have known. In fact, [her] failure to stay informed of [her disqualifying interest] may well constitute a separate violation of § 455." *Id.* at 867-68 (citing 28 U.S.C. § 455(c)). Again, this finding that Judge Sammartino presiding over this case was also a violation § 455(a) does not require an assessment of the credibility of Judge Sammartino's representation that she did not know of the disqualifying interest while this case was open.

Judge Sammartino's involvement in this case violated § 455(a) throughout the case, and it violated § 455(b)(4) for the period between when she became aware of her disqualifying interest and when she finally recused. Upon discovery of the conflict, she was required to recuse under § 455(a) because her "impartiality might reasonably be questioned," and under § 455(b)(4) because of the disqualifying family member stock holding itself. Having concluded that statutory violations occurred, the question is only the remedy for these violations, and in particular the § 455(a) violation because Judge Sammartino's recusal before issuing any additional orders in this case is arguably a complete remedy for the § 455(b)(4) violation.

Rule 60(b) "provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment. In particular, Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just' . . . ." *Id.* at 863. "[I]n determining whether a judgment should be vacated for a violation of § 455(a),

it is appropriate to consider [(1)] the risk of injustice to the parties in the particular case, [(2)] the risk that the denial of relief will produce injustice in other cases, and [(3)] the risk of undermining the public's confidence in the judicial process." *Id.* at 864. Thus, the Court can assume that Judge Sammartino did not know of her disqualifying interest while this case was open and need not assess her credibility to determine whether Plaintiff is entitled to relief under Rule 60(b)(6). *See id.* (accepting finding that while the case was actually being tried, the judge did not have actual knowledge of his conflict, but affirming the grant of relief under Rule 60(b)(6)).

All three of the above factors support vacating Judge Sammartino's grant of summary judgment against Plaintiff. First, although it is of course understandable that Defendants want the judgment to stand and would prefer not to incur additional defense costs, neither Defendant "has made a showing of special hardship by reason of their reliance on the original judgment." *See id.* at 869. Second, a denial of relief here could produce injustice in other cases because it could discourage litigants from examining the grounds for disqualification of judges under the belief that courts are disinterested in enforcing § 455.

Finally, and most significantly, the denial of relief here risks undermining the public's confidence in the judicial process. Regardless of her actual knowledge, there is no dispute here that Judge Sammartino issued rulings in this case while she was disqualified under § 455(a). Her lack of knowledge of the conflict does not excuse her in light of her obligation under § 455(c) to "inform [her]self about [her] personal and fiduciary interests, and make a reasonable effort to inform [her]self about the personal financial interests of [her] spouse and minor children residing in [her] household." Further, that the violation in this case was not an isolated instance but one of many publicly reported instances of federal judges presiding over cases in violation of § 455,[1] creates a particular

---

[1] *See* James V. Grimaldi, Coulter Jones, Joe Palazzolo, *131 Federal Judges Broke the Law by Hearing Cases Where They Had a Financial Interest*, Wall Street Journal, Sept. 28, 2021,

15-CV-1162-CAB-LL

risk of undermining public opinion in the judicial process if relief is not provided simply because Judge Sammartino was not actually aware of her disqualifying interest. Accordingly, Plaintiff is entitled to relief under Rule 60(b)(6).

In light of the foregoing, and construing Plaintiff's response to the Clerk's notice of a conflict as a motion seeking: (1) discovery about the circumstances of Judge Sammartino's conflict; (2) appointment of counsel; and (3) to vacate Judge Sammartino's grant of summary judgment in favor of Defendants, it is hereby **ORDERED** as follows:

1. Insofar as Plaintiff asks the Court to vacate Judge Sammartino's order granting summary judgment in favor of Defendants, the motion is **GRANTED**;

2. Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE** because Plaintiff has not demonstrated indigence, "there is no absolute right to counsel in civil proceedings," *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994), and the violations of § 455 do not qualify as special circumstances entitling Plaintiff to court-appointed counsel. If this case is set for trial, Plaintiff may re-file a request for counsel that includes a showing that he is indigent and unable to afford counsel of his own;

3. Plaintiff's request for discovery about the circumstances of Judge Sammartino's conflict is **DENIED AS MOOT**; and,

4. The order granting Defendant's motion for judgment and denying Plaintiff's motion for judgment [Doc. No. 131], and the Clerk's entry of judgment [Doc. No. 132] are **VACATED**.

For the avoidance of any doubt, the vacatur of Judge Sammartino's ruling on the parties' motions is not a reversal of her ruling or a finding in favor of Plaintiff and against Defendants. Rather, this order simply means that the undersigned will independently consider the parties' motions [Doc. Nos. 107, 118], and the briefing related thereto and

---

https://www.wsj.com/articles/131-federal-judges-broke-the-law-by-hearing-cases-where-they-had-a-financial-interest-11632834421.

15-CV-1162-CAB-LL

issue a de novo ruling without deference to Judge Sammartino's ruling.  That Judge Sammartino was disqualified from presiding over this case does not mean that her decisions were incorrect.  Accordingly, to assist the Court with its analysis, the parties are permitted, but not required, to submit supplemental briefs in support of their motions for judgment.  Any such briefs shall not exceed fifteen pages and shall be filed by **November 19, 2021**.  To be clear, only the merits of the respective motions and why the Court should enter judgment in favor of Plaintiff or Defendants, respectively, shall be addressed in these supplemental briefs.  The parties are welcome (and advised) to address whether and why Judge Sammartino's opinion [Doc. No. 131] was legally or factually incorrect, but any discussion of her disqualification or violations of section 455 is irrelevant and will not be considered.  Upon receipt of the parties' supplemental briefs (if any), the Court will take the motions [Doc. Nos. 107, 118] under advisement and issue a ruling in due course.

It is **SO ORDERED**.

Dated:  October 19, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

15-CV-1162-CAB-LL